

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-94,200-01

**EX PARTE DONNELL DUANE KEMP, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1144601-A IN THE 262ND DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of attempted capital murder and sentenced to life imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Kemp v. State*, No. 14-08-00780-CR (Tex. App.—Houston [14th Dist.] Dec. 3, 2009) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective for various reasons. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out

in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

Although there is no explanation in the record for Applicant's delay in seeking relief, the State does not argue that it has been prejudiced by Applicant's delay. Nevertheless, this Court has held that a trial court may *sua sponte* consider whether the doctrine of laches should bar relief. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014). The trial court may consider and determine whether Applicant's claims should be barred by laches. If the trial court does so, it must give Applicant the opportunity to explain the reasons for the delay and give the State's prosecutors an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: October 19, 2022
Do not publish